1  **MICHAEL W. DOTTS**
   **CHARLES H. McDONALD II**
2  **McDONALD LAW OFFICE, LLC**
   140 Aspinall Avenue, Suite 201
3  Hagatna, Guam 96910
   Telephone: (671) 588-8866
4  Facsimile: (671) 472-9616
   Email: charles@mcdonald.law

*Attorneys for Plaintiff Florencio S. Rupley, Jr.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF GUAM**

| | |
|---|---|
| FLORENCIO S. RUPLEY, JR., ) | **CIVIL CASE NO. 20-00030** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT AND** |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| ALBERT JOHN BALAJADIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I**
**JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(1). The Plaintiff is a resident of Nevada and the Defendant is a resident of Guam. The amount of the claim exceeds $75,000.00

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this cause of action occurred in Guam, a United States territory.

## II
## PARTIES

3. Plaintiff Florencio S. Rupley, Jr. ("Plaintiff" or "Rupley") is an adult male. He is a citizen of the United States and lives in Las Vegas, Nevada.

4. Defendant Albert John Balajadia ("Defendant" or "Balajadia") is an adult male. He is a citizen of the United States and lives on Guam.

5. Plaintiff reserves the right to add additional Defendants as discovery makes known who else is liable for the injury to Plaintiff.

## III
## FACTS

**Factual Background Surrounding the Incident of Child Sexual Abuse**

6. In 1985, Plaintiff was 11 years old. He attended P.C. Lujan Elementary School and lived with his family in Barrigada, Guam.

7. Defendant and Plaintiff's older brother, Ray Rupley, were dating at the time. Defendant was also newly hired by the Guam Police Department.

8. One day in 1985, while Plaintiff's older brother Ray Rupley ("Ray") was outside cutting banana leaves to feed the pigs, Plaintiff entered Ray's room and encountered the Defendant. The Defendant was wearing his GPD uniform.

**The Rape**

9. Defendant started to wrestle playfully with Plaintiff when suddenly Defendant aggressively threw Plaintiff onto the bed and laid him on his stomach. Defendant then pulled

2

1     Plaintiff's arms and legs behind Plaintiff's back and used Defendant's legs to force Plaintiff down.

10.     Defendant then took a sock and shoved it in Plaintiff's mouth. Defendant proceeded to take off Plaintiff's shorts as Plaintiff was crying and asking Balajadia to please stop. Defendant then took his fingers and penetrated Plaintiff's anus and then touched Defendant's penis.

11.     Plaintiff tried to scream for help but was unable to due to the sock being placed in his mouth. Defendant then inserted his penis into Plaintiff's anus and raped him.

12.     Defendant would not stop raping Plaintiff. Plaintiff was crying his heart out, with mucus coming out of his nose and he could hardly breathe, which is when Defendant stopped and let Plaintiff go. Defendant ejaculated in Plaintiff. Plaintiff's anus bled and was extremely uncomfortable following the rape.

13.     Plaintiff ran outside to look for his older brother, but turned around and ran into his bedroom and locked the door. Plaintiff hid under his bed until his mother came home but he was unable to tell his mother what had happened because he felt embarrassed and ashamed.

14.     Plaintiff did not know how to handle the sexual assault by Defendant as Defendant was a police officer of Guam. Plaintiff was alone, afraid, and scared. He felt like he had no one to talk to about what Defendant had done. He had no one to reach out to for help.

15.     As a police officer Defendant was in a position of authority with a special duty to a child not to sexually assault that child.

16. In 2016, Defendant had become a public figure and was running for election for the Guam Senate. Plaintiff learned of this and reached out to the Republican Party to let them know the background of their candidate.

17. It is not unusual for victims of sexual assaults not to speak out until their assailants become public figures or seek some public office.

**The Injury**

18. Plaintiff has trust issues and low self-confidence. He has many times thought about suicide and would cry alone. Plaintiff attributes this to the trauma of the sexual abuse he suffered. He kept the rape a secret for 34 years.

19. It is not uncommon for children of sexual abuse to feel conflicted about what happened, to blame themselves even though they are not to blame, and not tell anyone for years or for their entire lives.

20. Plaintiff's social life has been difficult. He has had difficulty forming relationships. Plaintiff attributes this to the trauma of the sexual abuse he suffered.

21. Plaintiff has difficulty with mood swings and has difficulty with anger management. Plaintiff attributes this to the trauma of the sexual abuse he suffered.

22. It is not uncommon for the sexual abuse of a child to cause psychological scars that effect the child for the rest of their life.

23. The psychological impact of having been raped by the person in authority resulted in Plaintiff not doing as well in school as he should have and resulted in a Plaintiff not being able to be as fully and successfully employed had Plaintiff not been raped as a child.

4

24. On information and belief, the trauma Plaintiff experienced resulted in an actual loss of income in an amount to be proven at trial but not less than $75,000.00.

25. The sexual assault caused Plaintiff physical pain and suffering, and Plaintiff seeks damages for this pain and suffering.

26. The sexual assault also caused Plaintiff severe emotional distress and mental pain and anguish, and Plaintiff seeks damages for these emotional injuries.

27. Plaintiff believes, and alleges based on that belief, that the issues he has had with his personal life are a direct result of the sexual assault he suffered on Guam.

## V
## CAUSE OF ACTION: CHILD-SEXUAL ABUSE

28. Plaintiff restates and incorporates paragraphs 1 through 27 as if restated in full here.

29. Defendant committed the offense of First Degree Criminal Sexual Misconduct under 9 G.C.A. § 25.15 by engaging in sexual penetration of Plaintiff, who was about 10-11 years old in 1985, in Plaintiff's residence in Barrigada, Guam.

30. Defendant committed Child Abuse under 9 G.C.A. § 31.30. Defendant subjected Plaintiff to cruel mistreatment when he was about 10-11 years old under 19 G.C.A. § 13101(d). Defendant unreasonably caused the physical and emotional health of Plaintiff to be harmed.

31. As a direct and proximate result of Defendant's conduct, Plaintiff was an abused and neglected child under 19 G.C.A. § 13101(b), because his physical and mental health and welfare were (and continue to be) harmed by Defendant's acts. Also, Defendant's misconduct in the commission of criminal offenses, caused harm to a child's physical health and welfare

5

under 19 G.C.A. § 13101(t)(2).  Plaintiff was the victim of a sexual offense under the Criminal and Correctional Code (9 G.C.A.).

32.  As a direct and proximate result of the Defendant's conduct here, Plaintiff has suffered (and still suffers) these injuries: (a) great pain of mind and body; (b) shock; (c) emotional distress; (d) physical manifestations of emotional distress; (e) embarrassment; (f) loss of self-esteem; (g) disgrace; (h) humiliation; (i) loss of enjoyment of life; and (j) future expenses for medical/psychological treatment, therapy, and counseling.

33.  Defendant acted with malice and oppression by committing the alleged conduct in this Complaint.  Plaintiff is therefore entitled to exemplary and punitive damages.

# VI
# PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Honorable Court for the following relief:

a. Actual and consequential damages in an amount not less than $75,000.00 and in accordance with proof.

b. Pain and suffering and emotional distress damages in an amount according to proof but not less than $350,000.00.

c. Exemplary and punitive damages in an amount in accordance with proof.

d. Reasonable attorneys' fees and costs.

e. For such and other and further as the Court deems just.

# VII
# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and claims so triable.

Dated this 25th day of September, 2020.

                              **McDONALD LAW OFFICE, LLC**
                              Attorneys for Plaintiff Florencio S. Rupley, Jr.

                              By: _____/s/_____
                                    CHARLES H. MCDONALD II

                              By: _____/s/_____
                                      MICHAEL W. DOTTS