# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FLORENCIO S. RUPLEY, | CIVIL CASE NO. 20-00030 |
| Plaintiff, | **ORDER ON MOTION TO DISMISS** |
| vs | |
| ALBERT JOHN BALAJADIA, | |
| Defendant. | |

This matter is before the court on Defendant's motion to dismiss Plaintiff's complaint. ECF No. 11. The complaint alleges that Defendant sexually assaulted Plaintiff in 1985 when Plaintiff was eleven years old. ECF No. 1. Pursuant to Federal Rule of Civil Procedure 78(b), the court finds oral argument unnecessary.

Defendant's sole argument presented in his motion to dismiss is that Plaintiff's claim against him is time barred. Recognizing that 7 G.C.A. § 11301.1 removes the previous statute of limitation for child sex abuse claims, Defendant argues that § 11301.1 is unconstitutional as it deprives him of asserting a statute-of-limitations defense.[1]

---

[1] Defendant, in his Reply brief, argues for the first time that 2 G.C.A. § 2105 precludes the application of 7 G.C.A. § 11301.1. However, "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those present in the moving papers." *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–95 (1990). Consequently, the court expresses no opinion on this argument.

Unfortunately, hundreds of similar child sex abuse claims have recently been brought before this court, and thus the court is well-versed in the legislative history and intent behind § 11301.1.[2] Other defendants have similarly urged this court to find § 11301.1 unconstitutional, contending it violates due process rights by depriving them of a vested right to assert a statute-of-limitations defense.

The court rejects Defendant's argument for the same reasons it has rejected the argument before. Defendant does not have a vested, constitutional right to assert a statute-of-limitation defense against claims of sexual abuse. *See Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314-316 (1945) ("statutes of limitation go to matters of remedy, not to destruction of fundamental rights…The Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation…it cannot be said that lifting the bar of a statute of limitations so as to restore a remedy lost through mere lapse of time is per se an offense against the Fourteenth Amendment."); *see also Campbell v. Holt*, 115 U.S. 620 (1885). As Defendant does not have a constitutional right to assert a statute-of-limitations defense, § 11301.1 does not implicate any constitutional rights in this case.

Defendant's motion to dismiss is **HEREBY DENIED**.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
       **Chief Judge**
**Dated: Jun 03, 2021**

---

[2] The legislative history behind § 11301.1 indicates it was intended to resurrect sex abuse claims by removing the statute of limitations defense for claims of the precise nature Plaintiff asserts here. *See, e.g.*, Order on Obj. to R. & R., *Cruz v. Apuron*, No. CIV 17-00013, ECF No. 122 at 5 (D. Guam, Mar. 22 2021).